UDALL|SHUMWAY
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

David R. Schwartz - #009264
das@udallshumway.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Glenn Liou,<br><br>                                  Plaintiff,<br><br>v.<br><br>Governing Board of the Maricopa County Community College District,<br><br>                                  Defendant. | NO. 2:15-cv-01255-SRB<br><br>**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AND THIS ACTION DUE TO LACK OF SUBJECT MATTER JURISDICTION AND MEET AND CONFER CERTIFICATION** |

Defendant the Governing Board of the Maricopa County Community College District ("District") hereby moves to dismiss this action due to lack of subject matter jurisdiction. The complaint only purports to allege state causes of action for alleged misrepresentation and breach of contract, which does not support jurisdiction in this Court. The certification of efforts to meet and confer required by prior Order of this Court (Dkt 11) is at the end of this document, even though the Order was never served on Defendant as required by the Order.

"A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do

so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). While the Complaint states that this Court has jurisdiction due to a federal question, the rights at issue listed are "Misrepresentation and breach of contract". (Dkt 1, Complaint, p. 2)

In determining whether jurisdiction is appropriate under § 1331 providing for jurisdiction for a question arising under federal law, courts consider whether state or federal law creates the cause of action. The majority of cases coming under the auspices of Section 1331 "are those in which federal law creates the cause of action." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 (1986). In those cases, federal courts unquestionably have federal subject-matter jurisdiction. *Id*. State law claims do not satisfy this prong of arising under federal jurisdiction test. *Hunter v. United Van Lines*, 746 F.2d 635, 644 (9th Cir. 1984), *as amended, cert. denied*, 474 U.S. 863 (1985), rehear. denied, 474 U.S. 1014 (1985). No proper federal claim has been pled here, just state law misrepresentation and breach of contract law claims.

There is a second and "less frequently encountered" category of § 1331 cases that include state law claims that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 314 (2005); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *see also Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674 (9th Cir. 2012). This type of federal-question jurisdiction, however, applies to a

"special and small category" of cases, *Empire Healthchoice Assurance v. McVeigh*, 547

U.S. 677, 699 (2006), and the "mere presence of a federal issue in a state cause of action

does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v.*

*Thompson*, 478 U.S. 804, 813 (1986). "A case 'arises under' federal law either where

federal law creates the cause of action or 'where the vindication of a right under state law

necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v.*

*Gutierrez,* 277 F.3d 1086, 1088–89 (9th Cir. 2002) (*quoting Franchise Tax Bd. v.*

*Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)).

        The allegations of the complaint are viewed under Rule 8's short and plain standards,

as interpreted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). *See Leite v.*

*Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).   Accepting the plaintiff's allegations as

true and drawing all reasonable inferences in the plaintiff's favor, this Court determines

whether the allegations are sufficient as a legal matter to invoke the Court's jurisdiction. *Id*.

Here the claims of misrepresentation and breach of contract do not arise under federal law

and do not present a federal question. *See Marin General Hospital v. Modesto & Empire*

*Traction Co.*, 581 F.3d 941, 947-48 (9th Cir. 2009) (breach of contract and

misrepresentation claims arise under state law); *Jasper v. Maxim Integrated Products, Inc.*,

2015 WL 3491134, * 7-8 (N.D. Cal.. 2015) (same); *Berry v. Countrywide Home Loans,*

*Inc.*, 2010 WL 1136226, *1-2 (C.D. Cal. 2010) (same).

        Therefore, under Federal Rule of Civil Procedure 12(b)(1), the Complaint and this

action should be dismissed for lack of jurisdiction.   Defendant requests that it be awarded its

reasonable attorney's fees pursuant to A.R.S. § 12-341.01 as this is a case arising out of contract.

DATED: November 10, 2015.

UDALL SHUMWAY PLC


_____/s/ David R. Schwartz_____
David R. Schwartz
1138 North Alma School Road, Suite 101
Mesa, AZ  85201
Attorneys for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2015, I electronically filed the attached document using ECF for filing and transmitted the document as follows:

Via regular mail and email to

Glenn Liou
1911 W. Hazelwood Parkway
Phoenix, AZ  85015
Plaintiff


___/s/ Kimberly Kershner___
Kimberly Kershner

4487543.1
109883.006

4

## <u>CERTIFICATION RE: MEET AND CONFER</u>

Pursuant to this Court's Order (Dkt 11), although it was never served by Plaintiff on Defendant, Defense Counsel hereby certifies that despite effort to meet and confer the parties were unable to resolve the attached motion.  A draft copy of the attached motion was sent to Plaintiff via email and regular mail on November 3, 2015 with a request for Plaintiff to respond by November 9 to see if the matter could be resolved without the need for filing of the motion or if Plaintiff believed the defect could be cured by amendment (Defendant does not believe it can).  No response was received from Plaintiff within the time provided and the time for a responsive pleading was at hand.  The undersigned certifies that the above statements are true and accurate.


_____/s/ David R. Schwartz_____
David R. Schwartz
Attorney for Defendant